Singh v. Bondi

BIA
Factor, IJ
A213 088 088

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of August, two thousand twenty-five.

PRESENT:
> DENNY CHIN,
> RAYMOND J. LOHIER, JR.,
> EUNICE C. LEE,
> *Circuit Judges.*

_____

JASBIR SINGH,
> *Petitioner,*

v.                                                          **23-6071**
                                                            **NAC**

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                    Richard W. Chen, Esq., New York, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Holly M. Smith, Assistant Director; Brett F. Kinney, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jasbir Singh, a native and citizen of India, seeks review of a January 5, 2023, decision of the BIA affirming a June 5, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jasbir Singh*, No. A213 088 088 (B.I.A. Jan. 5, 2023), *aff'g* No. A213 088 088 (Immigr. Ct. N.Y.C. June 5, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review an adverse credibility determination "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact

are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Singh alleged that members of the Bharatiya Janata Party ("BJP") and the Congress Party attacked him twice in 2017 on account of his support for the Shiromani Akali Dal Amritsar Party. Substantial evidence supports the agency's

determination that Singh was not credible.

The IJ reasonably relied on inconsistencies between Singh's credible fear interview and testimony regarding who attacked him and when. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). The agency was not compelled to credit Singh's explanation that he was sick and scared at his credible fear interview because he stated under oath at the interview that he felt "okay" and was not dealing with any medical issues. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)); *cf. Ming Zhang v. Holder*, 585 F.3d 715, 722 (2d Cir. 2009) (noting that an applicant's assertion of nervousness or fear during an airport interview does not overcome a record of a sworn statement that has been deemed sufficiently reliable).

The IJ reasonably relied further on Singh's failure to rehabilitate his testimony with reliable evidence corroborating his claim that he required medical

4

treatment after one of the attacks. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The IJ did not err in finding that Singh's medical evidence did not rehabilitate his credibility because the document was not issued contemporaneously (it was issued after Singh left India and almost two years after the visit), Singh's family had to provide the doctor with some of the information provided therein, and the content of the document was suspect in that it was labeled "Not for Medico Legal Purpose" and it did not identify or describe Singh's injuries. Admin. Record at 562; *see Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

Ultimately, the inconsistent descriptions of the two incidents of alleged persecution and the lack of medical evidence corroborating Singh's injury provide substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao*, 968 F.3d at 145 n.8; *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive

because all three forms of relief are based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief.").

Finally, Singh does not state a due process claim. *See Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) ("To establish a violation of due process, an alien must show that []he was denied a full and fair opportunity to present h[is] claims or that the IJ or BIA otherwise deprived [him] of fundamental fairness." (quotation marks omitted)); *see also Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) ("Parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." (quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6